28 C.C.P.A. (Patents)

## SUZUKI & CO. OF NEW YORK, Limited, v. MAGGI CO., Inc. (two cases).

### Patent Appeals Nos. 4420, 4421.

Court of Customs and Patent Appeals.

Feb. 24, 1941.

White, William Wallace & Scotti, of New York City (Edmund Dill Scotti, of New York City, of counsel), for appellant.

William Thomas Jones, of New York City (Edward G. Roe, of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appeals here involved are from the decisions of the Commissioner of Patents which affirmed those of the Examiner of Trade-mark Interferences in two opposition proceedings. By stipulation the testimony taken applied to both oppositions. Single briefs were submitted below and the same character of briefs are submitted here. The examiner sustained both oppositions and in each case held that the applicant was not entitled to register the trade-mark for which application was made. The examiner wrote a separate decision in each instance, but in the opposition involved in appeal No. 4421 he relied upon his reasons fully set forth in his decision in the companion opposition. The commissioner wrote but one decision which was filed in both oppositions. We will dispose of the cases in one opinion.

S. Suzuki & Company of New York, Ltd., hereinafter referred to as appellant, is the owner of a well-known trade-mark regis-

tered as "AJINOMOTO," which it used in the · hyphenated form, "AJI-NO-MOTO," on its product which ·is here involved, to wit, seasoning powder. In the two applications which are involved here it sought to register, for use on the same product, the trade-mark "aji." In one application the mark consists of the term "aji" on a panel. There is no contention here that the mark with the panel is registrable if the other is not.

Appellee, the Maggi Co., Inc., filed notices of opposition, based upon its several registered trade-marks "Maggi" and "Maggis" for seasonings in solid and liquid form for improving soups, etc. The oppositions are based upon the confusion-in-trade clause of section 5 of the Trade-Mark act of February 20, 1905, as amended, 15 U.S. C.A. § 85.

The record clearly shows that appellee or its predecessors have used the said trade-marks on said goods extensively since 1895, and there is some testimony indicating that they had been so used prior to that date. The record shows that the product was of Swiss origin; that it had been advertised in this country since 1902; that such advertisement continued on through the years, the expenses of which amounted to many thousands of dollars per year; that the sales of appellee's product during one period of six years from 1931 to 1937 was over a million dollars; that its products are sold in nearly every state of the United States; that the sales are made to the institutional trade, to hotels and restaurants, ·and to the retail trade, that is, to chain and independent grocers, delicatessen stores and to home consumers; that it carries on a general line of advertising, and that at one time it employed the radio service for that purpose.

The appellant alleges that it has used its mark on its said goods since August 3, 1937.

Notwithstanding the 13 reasons of appeal assigned by appellant, we think the only question presented which we need to determine is whether or not the concurrent use of the two marks as proposed by appellant would result in such confusion or mistake as the said registration statute was intended to prevent. The record is a large one. Among other things the testimony was directed to the meaning of the respective trade-marks and especially to their pronunciation. The briefs of the parties are quite complete in the analysis of this testimony.

The record shows that the word "aji" may be pronounced ă j ē, with "a" sounding as in "at" and "i" taking the sound of long "e," or it is pronounced ā j ē, the "a" being sounded as in "age." The same is substantially true with the testimony as to "Maggi" and "Maggis." They may be either pronounced with long "a" as in "may" or with short "a" as in "mat."

When the "a" in "aji" is given the long sound and "i" that of "ē," and the same sound is given to "a" and "i" in "Maggi" and "Maggis," and the "g's" are given the soft sound, the result is identical except for such sound as may be attached to the letter "m," which, in most words, is never very distinct.

While there may be some resemblance in the appearance of the marks, it is our belief that confusion would result by the concurrent use of the two marks on the goods of the respective parties, which are admittedly of the same descriptive properties, chiefly on account of the similarity of the sound of the marks. Unquestionably, in ordering the merchandise by telephone or in advertising it over radio the goods sold under the mark "aji" might easily be understood to be the goods of appellee which are sold under the trade-marks "Maggi" or "Maggis."

Appellant contends that people of foreign extraction buying the goods would not be confused because of the difference in the meaning of the terms. It contends that the trade-mark "aji" is ordinarily pronounced by English-speaking people by repeating the three letters separately, or if pronounced as one word the "a" is sounded as the initial "A" in "Ajax."

There is much contention here between the parties relating to what the record shows as to the usual manner of pronouncing the marks involved, and as to the proper way to pronounce them, and in the testimony of the witnesses there is considerable conflict on this question. It nevertheless appears that they may be pronounced and are frequently, in the trade, pronounced so that the mark "aji" is very similar in sound to "Maggi."

We attach little importance to the testimony as to the correct way of pronouncing the marks, and we think, under circumstances like those at bar, the decision of

the issue involved should not be controlled by fine distinctions drawn by orthoëpists. In American Products Co. v. F. A. Leonard, 53 F.2d 894, 19 C.C.P.A., Patents, 742, this court said: " * * * As was well said by the witness Clarence M. Mills: 'There is no such thing as a correct pronunciation for a trade-mark. It is pronounced in different ways by different people.' "

Appellant further contends that there is no actual confusion proved; that there is such a difference in the appearance of the words when they are considered in their entirety, and such a difference in the purchasing conditions of the two goods that confusion would appear to be impossible. It contends that the goods of both parties are sold to discriminating purchasers and that even if it be assumed that there was a possibility of confusion it would be vague and far-fetched. Appellant's contentions also embrace the assertion that in the terms "Maggi" and "Maggis" the "g's" are normally given the hard sound as in "Maggie."

As before stated, we are in agreement with the conclusion reached by the Patent Office tribunals that on account of the similarity of the sound of the marks confusion is likely to result from the concurrent use of the two marks on the respective goods of the parties, and we do not overlook the fact that there is some similarity in appearance. However, as was said by the commissioner, similarity in sound alone may be of controlling importance, and we think it would be sufficient in the present instance to bar the registration of the mark sought.

In Marion Lambert, Inc. v. O'Connor, 86 F.2d 980, 981, 24 C.C.P.A., Patents, 781, where the marks "VOO" and "DEW" were held to be confusingly similar, this court said: "Obviously, sound may be of controlling importance where there are other similarities in the marks which are contributive to the likelihood of confusion. * * *"

This court has gone further than the last above quotation would imply. In E-Z Mills, Inc. v. Martin Brothers Company, 95 F.2d 269, 271, 25 C.C.P.A., Patents, 992, where the trade-marks "E-Z" and "Kladezee" were concerned, the court said: " * * * That similarity in sound alone is sufficient to constitute confusing similarity between marks is well established. * * *"

On this question see Esso, Inc. v. Standard Oil Co., 8 Cir., 98 F.2d 1, and especially Traders Oil Mill Company v. Lever Brothers Company, 100 F.2d 249, 26 C.C.P.A., Patents, 899.

As to appellant's argument concerning the lack of actual confusion being proved, the difference in the purchasing conditions and the contention that the goods of both parties were sold to discriminating purchasers, it is sufficient to say, first, that while unimportant under the circumstances of this case, the record does disclose what appellee argues are two instances of actual confusion. Actual confusion does not have to be proved. E-Z Mills, Inc. v. Martin Brothers Company, supra. If there is any difference concerning the manner in which the goods of the respective parties are purchased shown by the instant record, it certainly is not such as to be material in the decision of the issue presented. As to the purchasers of seasoning powder being discriminating in the sense that term is used in numerous decisions, we know of nothing about the goods, or the parties to whom they are sold, which is disclosed in the instant record, that would warrant a holding that the purchasers of the goods involved may be regarded as any more discriminating than are the purchasers of numerous articles relating to food sold to various kinds of purchasers throughout the world.

As to the normal English pronunciation of the terms "Maggi" and "Maggis" involving giving the "g's" a hard sound, we think this is immaterial in view of the fact that it is shown in the record that the terms are not given this sound when used by many persons in dealing with the goods upon which the marks are used.

The circumstances of this case suggest to us that the appellant seeks to reap where it has not sown and make applicable the language used by this court in Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 754, 24 C.C.P.A., Patents, 790, in which it was said: "A vast field of words, phrases, and symbols is open to one who wishes to select a trade-mark to distinguish his product from that of another. Unquestionably in our ever-increasing complex business life, the trend of modern judicial decisions in trade-mark matters is to show little patience with the newcomer who in adopting a mark gets into the border-line zone between an open field and one legally

appropriated to another. As between a newcomer and one who by honest dealing has won favor with the public, doubts are always resolved against the former."

By quoting the last sentence above we do not mean to imply that we entertain any doubt in the premises. Under the circumstances of this case we conclude that the likelihood of confusion would unquestionably result from the concurrent use of the marks, and the decisions of the commissioner, affirming those of the examiner in sustaining the oppositions and holding that appellant may not have the registration of its proposed mark as applied for, are affirmed.

Affirmed.

GARRETT, Presiding Judge, and JACKSON, Associate Judge, concur in the conclusion.